## Garside's Estate.

A. D. Knittle, for accountant; S. L. Kramer, for Nellie Charlton.

WILHELM, P. J., June 18, 1928.—From the evidence we find the following facts:

1. Joseph H. Garside died on or about March 16, 1927, testate, unmarried, having disposed of his estate by last will and testament.

The first paragraph of the will, dated Feb. 26, 1927, contains a bequest to Miss Emma Yarnall of $250 to pay funeral expenses. Miss Yarnall declines this bequest because it is insufficient to cover the cost of the funeral, and her declination is evidenced by a paper executed under date of May 23, 1927. Therefore, this bequest need not be further regarded. The cost of funeral, which exceeded the amount of the bequest, has been paid by the executor and credit taken for the same in the account.

The second paragraph of the will gives directions concerning the administration of his estate as to the manner of its being converted.

The only question raised here is as to the construction of the third paragraph of the will, which reads as follows:

"I give and bequeath my shares of the capital stock of Merchants National Bank, Pottsville, Pa., and also the proceeds to be realized from the conversion into cash of my interest in Charlton Motor Company and the proceeds to be realized from the sale of my said real estate to my daughter Mrs. Nellie Charlton and my grand-daughter Elizabeth Garside Charlton, share and share alike, provided, however, that neither said stock nor said cash which may be realized from the sale of my interest in Charlton Motor Company and said real estate shall be delivered or paid to my said daughter and grand-

daughter, or either of them, during the lifetime of Thomas J. Charlton, husband of my said daughter, but shall be held in trust for them and the survivor by my executor hereinafter named, the income however to be paid to them or the survivor of them during the period same may be so held in trust by my said executor and upon his decease, should he survive me, the shares in my estate herein given to my daughter, and my grand-daughter, shall be delivered to them or the survivor of them absolutely, but should neither my daughter nor my grand-daughter survive said Thomas J. Charlton, then and in such event the shares in my estate which are herein given to them and the survivor of them shall be delivered and paid to the Public Library of Pottsville, Pa., and the Primitive Methodist Church of Foundry Street, Dunkinfield, Cheshire, England, share and share alike."

Under this paragraph, Nellie Charlton, daughter of the testator, asserts that she is entitled to the whole of the balance for distribution, because the bequest of the residue of the estate to charity is void for the reason that the will was executed within thirty days prior to the death of the testator, and that, because the bequest to charity fails, the will is void, or that clause of the will which includes the bequest to charity is void.

If it is the contention of Nellie Charlton that the testator died intestate as to that portion of his estate bequeathed to charitable uses, and she being his only heir-at-law takes the whole of it under the intestate laws. This position is unsound.

If the daughter asserts this upon the theory that her life estate is merged in the fee by reason of the bequest of the residue failing, that position is untenable because the granddaughter is one of the beneficiaries of the trust created during the lifetime of the son-in-law. It follows, therefore, that it cannot be concluded that there is a merger, because it cannot be ascertained at this time who is the beneficiary in the event of the death of the son-in-law; that is, whether it is the daughter or the granddaughter, or both of them. At this time it cannot be ascertained whether or not the testator died intestate as to any portion of his estate. If the daughter and granddaughter, or either of them, survive the son-in-law, there is no intestacy, and the daughter or granddaughter, or both of them, take the residue.

As we read this will, the testator intended that his daughter and granddaughter should enjoy his estate, both as to income and principal, and, to most certainly effectuate this purpose, the residue was placed in trust probably so that it would not be subject to the control or influence of the son-in-law; and the further intention of the testator was that the son-in-law should not have or enjoy any part of his estate, because the will provides that if the testator's daughter and granddaughter do not survive the son-in-law, the estate shall go to charity.

The disposition of his estate by the testator was a lawful one, and, therefore, should be carried into effect. The reason for the several provisions in the will need not be inquired into, because every person has the right to dispose of his estate as he sees fit, in so far as such disposition is lawful.

This trust is not created simply for the purpose of preserving the estate for the benefit of the charities named, but it is an active trust raised for the protection of his daughter and granddaughter, and it may not now be said with any certainty that the testator died intestate as to any portion of his estate. It is probable that, if the bequest to charity had been valid, in the ordinary life expectancy, the devolution to the charities named would not occur.

From M. M. Burke, Shenandoah, Pa.